UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABCMN LLC, as assignee,

Plaintiff,

v.

BETZALEL CHOPP a/k/a STEVE CHOPP a/k/a TZOLI CHOPP,

Defendant.

JURY TRIAL DEMANDED

**COMPLAINT**

CIVIL ACTION NO:

Plaintiff ABCMN LLC, as assignee, by and through its counsel, Anderson Kill, P.C., as and for its Complaint against Defendant BETZALEL CHOPP a/k/a STEVE CHOPP a/k/a TZOLI CHOPP, alleges as follows:

## PARTIES

1. Plaintiff ABCMN LLC, as assignee, is a New York limited liability company organized and existing under the laws of the state of New York with a principal place of business in New York. ABCMN LLC is a single member entity with its sole owner, Sheldon Eisenberger, residing in New York.

2. ABCMN LLC is the ultimate assignee for the assignment of benefit of creditors ("ABC") of Nussbaum Lowinger LLP and Mark J. Nussbaum and Associates, PLLC[1] (collectively referred to hereinafter with ABCMN LLC, "Plaintiff") made pursuant to New York Debtor and Creditor Law. ABCMN LLC was further appointed and approved as assignee by the Supreme Court of the State of New York, County of New York by Decision and Order of Hon. Gerald Lebovits dated August 26, 2025.

[1] Prior to the ABC, Mark J. Nussbaum assigned certain property and claims to Mark J. Nussbaum and Associates, PLLC, including the claims relevant to this action.

3. Non-party Nussbaum Lowinger LLP is a New York limited liability partnership with a principal place of business of 225 Broadway, 36th Floor New York, New York 10007. Mark J. Nussbaum, a New York Resident, is its sole owner.

4. Non-party Mark J. Nussbaum and Associates PLLC is a domestic professional service limited liability company with an address of 225 Broadway, 36th Floor, New York, New York 10007. Mark J. Nussbaum, a New York Resident, is its sole owner.

5. Defendant Betzalel Chopp a/k/a Steve Chopp a/k/a Tzoli Chopp ("Chopp") is an individual residing in Lakewood, New Jersey.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. §1332 inasmuch as there exists complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

7. ABCMN LLC is the ultimate assignee for the assignment for the benefit of creditors of Nussbaum Lowinger LLP and Mark J. Nussbaum and Associates, PLLC.

8. Prior to the ABC, Mark J. Nussbaum, individually, assigned and transferred certain rights to Mark J. Nussbaum and Associates, PPLC, including the right to commence and pursue this action. Then, on June 16, 2025, the right to sue and pursue this action on behalf of Nussbaum Lowinger LLP and Mark J. Nussbaum and Associates, PLLC was, among other things, ultimately assigned to Plaintiff. ABCMN LLC was further appointed and approved as assignee by the Supreme Court of the State of New York, County of New York by Decision and Order of Hon. Gerald Lebovits dated August 26, 2025. As such, Plaintiff has standing to bring these claims against Defendant.

9. As relevant here, Defendant would orally request to borrow money from Mark Nussbaum in specific amounts.

10. After Defendant requested these loans, Defendant further requested that the money he borrowed be sent to bank accounts for Opal Health Care WI LLC or others for Defendant's benefit. Upon information and belief, Opal Health Care WI LLC, is a New Jersey LLC, that Defendant is a member of, and in which Defendant maintains an ownership interest.

11. After Defendant requested loans, Mark Nussbaum made the following wire transfers to the bank accounts as requested by Defendant.

12. On March 30, 2022, $1,000,000.00 was borrowed by Defendant from Mark Nussbaum and sent to a bank account at Defendant's direction. (Fed Reference #: 20220330B6B7261F006783 from Nussbaum Lowinger LLP). It was accepted and agreed that interest would accrue and continue to accrue on this debt at the rate of two percent (2%) per month.

13. On April 8, 2022, $853,000.00 was borrowed by Defendant from Mark Nussbaum and sent to a bank account at Defendant's direction. (Fed Reference #: 20220408B6B7261F006930 from Nussbaum Lowinger LLP). It was accepted and agreed that interest would accrue and continue to accrue on this debt at the rate of two percent (2%) per month.

14. On June 2, 2022, $500,000.00 was borrowed by Defendant from Mark Nussbaum and sent to a bank account at Defendant's direction. (Fed Reference #: 20220602B6B7261F002874 from Nussbaum Lowinger LLP). It was accepted and agreed that interest would accrue and continue to accrue on this debt at the rate of two percent (2%) per month.

15. On June 16, 2022, $700,000.00[2] was borrowed by Defendant from Mark Nussbaum and sent to a bank account at Defendant's direction. (Fed Reference #:

[2] The March 30, 2022 loan, April 8, 2022 loan, June 2, 2022 loan, and the June 16, 2022 loan are collectively referred to as "Loans."

20220616B6B7261F002333 from Nussbaum Lowinger LLP). It was accepted and agreed that interest would accrue and continue to accrue on this debt at the rate of two percent (2%) per month.

16. Defendant agreed to repay the principal on all the Loans ("Outstanding Principal") plus monthly interest in the amount of two percent (2%) on demand.

17. On September 7, 2022, Defendant confirmed the Loans and their terms, by among other things, making a $120,000.00 payment against the Loans, which it was agreed would be applied to accrued interest only.

18. On a monthly basis, Defendant was furnished with an Excel spreadsheet establishing the amount owed on the Loans, plus interest accrued.

19. Defendant regularly received these statements.

20. The statements specifically referred to the above debts as loans.

21. Defendant never objected to the statements, the amounts reflected therein, the interest calculations, or that the Loans were referred to as such.

22. For months, Defendant strung Mark Nussbaum along with the hopes of repayment of the Loans by stating there were "issues" with Defendant's various closings that would provide liquidity to enable Defendant's repayment. With this as pretext, Defendant refused to repay the Loans, although the repayment of the Loans was not tied to or contingent upon such closings.

23. Upon information and belief, outstanding closings have occurred but Defendant has failed to repay the loans, despite due demand thereby unjustly enriching Defendant.

24. On July 2, 2025, Plaintiff, as assignee, sent a demand letter to Defendant, demanding that Defendant make a payment in the amount of $6,321,663.77, which is the total amount owed minus the $120,000.00 interest payment made by Defendant.

**COUNT I**
**BREACH OF CONTRACT**

25. Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs as though set forth fully herein.

26. Under the oral loan agreements and the parties subsequent confirmatory course of conduct, a contractual relationship was established whereby Mark Nussbaum provided Loans to Defendant and Defendant agreed to repay those Loans with 2% monthly interest on demand.

27. The Loans were made and moneys were paid to Defendant – sent to the bank accounts Defendant directed.

28. At all times relevant to this dispute, all parties were of sound mind and maintained the legal capacity to contract.

29. At all times relevant to this dispute, all parties assented to the terms of the contract.

30. At all times relevant to this dispute, there was consideration for the loans and obligations because Mark Nussbaum provided real funds to bank accounts at Defendant's request.

31. Defendant failed to pay the amounts due under the oral agreement for the Loans.

32. Such failure by Defendant to repay the loans constitutes a breach of contract.

33. Mark Nussbaum and Plaintiff, as assignee, have fulfilled all conditions and satisfied all obligations imposed by the contractual relationship.

34. As a result of Defendant's breach, Plaintiff, as assignee, is entitled to recover damages from Defendant in the amount of the Outstanding Principal, together with interest accrued and accruing on the Outstanding Principal thereon through the date of judgment, plus reasonable costs, fees and expenses incurred by Anderson Kill in connection with this action.

**COUNT II**
**ACCOUNT STATED**

35. Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs as though set forth fully herein.

36. Mark Nussbaum and Defendant, through their agreement and course of conduct, established a debtor and creditor relationship as to the financial services rendered and the resulting invoices for such services.

37. Mark Nussbaum sent invoices to Defendant on the first of every month establishing the balance and interest due on the Loans.

38. Defendant failed to complain about or raise any reasonable objection to any statements submitted by Mark Nussbaum for the Loans, the amounts contained therein, the interest charged or that the Loan were in fact Loans.

39. By reason of the foregoing, an account stated applies to the Outstanding Principal due under the loans and statements submitted to Defendant. Plaintiff, as assignee, is entitled to Defendant's immediate payment, with interest, of all amounts due thereunder.

**COUNT III**
**UNJUST ENRICHMENT**

40. Plaintiff repeats and realleges each of the allegations contained above as if fully set forth herein.

41. Defendant promised to repay the Loans.

42. In reliance of Defendant's continued representations to repay all Loans, Mark Nussbaum loaned and continued to loan money to Defendant via oral agreements.

43. To date, Defendant has failed and refused to repay the loans in full plus the agreed upon interest.

44. It is against equity and good conscience to permit Defendant to retain the amount of money Mark Nussbaum loaned to Defendant, without requiring Defendant to repay Plaintiff, as assignee, in the full Outstanding Principal amount of the Loans, with interest.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff demand judgment against Defendant as follows:

(a) An award of compensatory damages in the amount of at least $6,321,663.77 through July 2, 2025;

(b) An award of reasonable attorneys' fees and costs;

(c) An award of post-judgment interest and costs, as provided by law;

(d) An award of consequential damages as provided by law; and

(e) Such other relief as the Court may deem just and proper.

Dated: August 26, 2025
New York, New York

**ANDERSON KILL P.C.**

By: */s/ Keith A. Lazere*

Keith A. Lazere
Jason Kosek
7 Times Square
New York, New York 10036
Telephone: (212) 278-1000
Fax: (212) 278-1733
*Attorneys for Plaintiff*