USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/28/2025

**APPLICATION DENIED**

*Katharine H. Parker*
KATHARINE H. PARKER
United States Magistrate Judge

10/28/2025

# Katten

50 Rockefeller Plaza
New York, NY  10020-1605
+1.212.940.8800 tel
katten.com

SHAYA ROCHESTER
shaya.rochester@katten.com
+1.212.940.8529 direct
+1.212.940.8776 fax

October 27, 2025

The Honorable Katharine H. Parker
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *ABCMN, LLC v. Chopp*, No. 1:25-cv-07081-VSB-KHP
      Letter Motion Requesting Adjournment of Initial Case Management Conference

Dear Magistrate Judge Parker,

<u>Our Firm represents Defendant Betzalel Chopp in the above-referenced case. On behalf of Defendant, we respectfully request that the Court adjourn the case management conference currently scheduled for November 24, 2025, pending resolution of Defendant's forthcoming motion to dismiss. This request is not made for purposes of delay, but rather to promote judicial efficiency, preserve party resources, and avoid potentially unnecessary discovery burdens, as set forth below.</u>

### A.   Background

On August 26, 2025, Plaintiff filed its Complaint, alleging that an individual named Mark Nussbaum and/or his law firm, Nussbaum Lowinger LLP, transferred funds to Defendant. The Complaint further alleges that Defendant agreed to repay the amounts allegedly transferred, with interest, but did not do so. Based on those allegations, the Complaint asserts three state law causes of action: (1) breach of contract; (2) account stated; and (3) unjust enrichment. Dkt. No. 1.

The Court thereafter entered an Initial Case Management Conference Order, setting an initial case management conference for Monday, November 24, 2025 Dkt. No. 7. Under that Order, the parties are required to meet and confer by November 3, 2025 to discuss the matters set forth in Rule 26(f) and "comply with their Rule 26(a) initial disclosure obligations no later than November 17, 2024." *Id.*

On September 26, 2025, the parties submitted a joint stipulation under which Defendant agreed to waive service of the Complaint under Federal Rule of Civil Procedure 4(d). Dkt. No. 10. In accordance with Rule 4(d)(3), the parties agreed that Defendant's deadline to respond to the Complaint is November 17, 2025. *Id.* On September 30, 2025, the Court endorsed the joint stipulation, setting Defendant's deadline to answer or otherwise respond to the Complaint as November 17, 2025. Dkt. No. 11.

### B.   Good Cause Exists to Adjourn the Initial Case Management Conference

Under Rule 16(b)(4), the Court may modify a scheduling order for good cause shown. Fed. R. Civ. P. 16(b); *see also* Fed. R. Civ. P. 26(c) (court has discretion to stay discovery "for good cause shown."). Here, such good cause exists because (1) Defendant's deadline to respond to the Complaint has not yet passed, and (2) the Complaint appears to be fatally flawed.

**1. Permitting Defendant to Respond to the Complaint Before Engaging in Discovery Conferences Will Promote Party and Judicial Efficiency.**

This case is in its earliest stages. As noted above, Defendant did not receive the Complaint until mid-September, and is working diligently with counsel to evaluate the facts and circumstances alleged therein. There has been no discovery exchanged, nor has a discovery schedule yet been set.

Rather than require the parties to expend the time and resources necessary to prepare a case management plan and exchange initial disclosures before Defendant has even responded to the Complaint, it would be more efficient to permit Defendant to respond to the Complaint and then meet and confer with Plaintiff regarding discovery. This will also give the parties additional time to explore options to resolve this matter without the need for expensive and time-consuming discovery.

Indeed, Defendant's response will likely impact the scope of this action and any related discovery. As noted, Defendant currently intends to move to dismiss the Complaint on several bases, none of which require discovery to adjudicate. Should the Court grant Defendant's motion, even in part, it will affect the relevant issues in the case and the scope of discovery in this action. For this reason, courts routinely stay discovery pending resolution of a dispositive motion. *See, e.g.*, *Palladino v. JPMorgan Chase & Co.*, 730 F. Supp.3d 4, 10-12 (E.D.N.Y. 2024); *Johnson v. New York Univ. Schl. Of Educ.*, 205 F.R.D 433, 434 (S.D.N.Y. 2002); *Simon v. N.Y. City Dep't of Educ.*, 2024 WL 4932765, at *1 (E.D.N.Y. Dec. 2, 2024) (staying discovery pending resolution of a motion to dismiss, and explaining that "the breadth and burden of discovery may be narrowed substantially following resolution of the motion to dismiss").

Furthermore, no party will be unduly prejudiced by the requested extension. As noted, this case is in its earliest stages. And any delay associated with Defendant's anticipated motion will be minimal. Under this Court's rules, if Defendant files his anticipated motion to dismiss on November 17, briefing will be completed in by mid-December. *See* L. Civ. R. 6.1(b). There is no basis in the record to find that a temporary delay to allow the Court to adjudicate a dispositive motion and give the parties time to explore a potential settlement will cause Plaintiff any specific harm. *See Palladino*, 730 F. Supp. 3d at 14 (delay in discovery would not cause undue prejudice given that (1) the case was in its early stages; (2) the timetable for the defendants' anticipated motion to dismiss; and (3) the fact that the briefing on an anticipated motion to dismiss would be completed within two months); *see also Cohen v. Saraya USA, Inc.*, 2024 WL 198405, at *3 (E.D.N.Y. Jan. 18, 2024) (granting a motion to stay discovery and noting that "this case is still in its early stages—a discovery schedule has not been set, [and] discovery has not occurred.").

**2. Plaintiff's Complaint is Fatally Flawed.**

The conference should also be adjourned because it appears that Plaintiff's claims are fatally flawed in at least four ways:

1. *Lack of Personal Jurisdiction.* There does not appear to be any basis for the Court to assert personal jurisdiction over Defendant consistent with New York's long-arm statute or due process. The *only* allegations in the Complaint suggesting any connection with New

# Katten

Magistrate Judge Parker
Letter re: Adjournment of Initial Case Management Conference
Page 3

York are that Plaintiff, Mr. Nussbaum, and Nussbaum Lowinger are located in New York. *See* Compl. ¶¶ 1-4. This is far from enough. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014) (explaining that the requisite "minimum contacts" for jurisdiction "must arise out of contacts that the defendant himself creates with the forum State.").

2. *Failure to Allege an Enforceable Contract.* Plaintiff's threadbare Complaint fails to allege sufficient facts to demonstrate that an enforceable agreement exists. Apart from conclusory statements that Defendant "agreed" to repay the alleged loans, there are *no* factual allegations regarding the formation of the contract or the essential terms of the contract. Compl. ¶¶ 9-16. Without such details, Plaintiff cannot succeed on its breach of contract claim, and that claim should be dismissed. *Fuji Photo Film USA, Inc. v. McNulty*, 669 F. Supp. 2d 405, 412 (S.D.N.Y. 2009).

3. *Criminal Usury.* Even if an enforceable agreement is alleged, the alleged loans, on their face, charge an interest rate well in excess of New York's statutory threshold of 25% for criminal usury. Therefore, the loans are void *ab initio* and Plaintiff is not entitled to recover anything. *See Adar Bays LLC v. GeneSYS ID, Inc.*, 37 N.Y.3d 320, 526 (2021).

4. *Duplicative Claims.* Plaintiff's equitable claims for account stated and unjust enrichment arise out of the same facts as the breach of contract claim, and seek the same relief. *See* Compl. ¶¶ 25-44. Accordingly, these claims are duplicative of the breach of contract claim and should be dismissed. *Centrans Truck Lines, LLC v. Orient Express Container Co. Ltd.,* 2023 WL 5390220, at *7 (S.D.N.Y. Aug. 21, 2023) (dismissing account stated claim that "is clearly congruent with, and duplicative of, the claim for breach of contract."); *Costoso v. Bank of Am., N.A.*, 74 F. Supp. 3d 558, 574 (E.D.N.Y.2015) (same as to unjust enrichment claim).

\* \* \*

For these reasons, Defendant respectfully requests that the Court adjourn the initial case management conference pending resolution of Defendant's intended motion to dismiss. No prior request has been made to adjourn these dates. <u>Plaintiff's counsel has indicated that Plaintiff does not consent to this request.</u>

Respectfully submitted,

/s/ *Shaya Rochester*

Shaya Rochester

*Counsel for Defendant*

Cc: All counsel of record (via CM/ECF)